UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

STEVEN ADAMS, )
)
    Plaintiff, )
)
vs. ) Cause No.:
)
U.S. 41 MOTOR PLEX INC. )
)
    Defendant. )

## COMPLAINT

NOW COME the Plaintiff, by and through his attorney, Robert A. Montgomery, and complaining of the Defendant, state as follows:

### The Parties

1. Plaintiff Steven Adams on the date of the occurrence and currently is an Illinois citizen residing at 190 Linden Lane, Chicago Heights, IL 60411.

2. Defendant US 41 Motor Plex Inc., is an Indiana corporation which was incorporated in the State of Indiana and with its principal place of business located in this judicial district at located at 2695 West 50 S. Morocco, Newton County, Indiana.

3. Plaintiff's cause of action arises from an incident occurring within Newton County, Indiana, which is located within this Judicial District at US 41 Motor Plex Inc., premises located at 2695 West 50 S. Morocco, Indiana.

4. There is complete diversity of citizenship of the parties.

### Venue and Jurisdiction

5. This Court has original jurisdiction over this action under *28 U.S.C. ' '1331* and *1332,* resulting from the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

6.  This Court has proper venue over this matter under *28 U.S.C. '1391(b)*, resulting from the complained of incident causing injury occurring within Newton County, Indiana, which is located within this Judicial District.

## COUNT I

7.  On and prior to July 14, 2019, the Defendant owned, operated, managed, maintained and controlled a certain premise commonly known as US 41 Dragstrip Race Track, located at 2695 West 50 S. Morocco, Indiana.

8.  On July 14, 2019, the Defendant invited the general public, including the Plaintiff, Steven Adams, onto its premises to drag race motorcycles at the above-address.

9.  By granting the Plaintiff access to its premises, it then became the duty of the Defendant to exercise a reasonable degree of care and caution to provide for the safety of the Plaintiff.

10. To avoid unnecessary harm and injuries to the Plaintiff, the Defendant's duty of reasonable care and caution included providing the Plaintiff with proper security and adequate fencing to prevent animals from entering onto the track during racing events.

11. At all relevant times the Defendant knew or should have known that there was a reasonable foreseeability of harm to the Plaintiff if animals were permitted on the track during racing events.

12. Despite its duty on reasonable care and caution the Defendant negligently failed to have adequate fencing and therefore a deer was permitted to enter the racing track causing a collision with Plaintiff and Plaintiff's vehicle causing the Plaintiff to suffer injuries.

13. Despite its duty of reasonable care and caution the Defendant carelessly and negligently did, or failed to do, one or more of the following acts:

       a.     Failed to provide adequate fencing along perimeter of track to prevent wild animals from entering the racing track during events.

       b.     Failed to have and implement policies and procedures for the safety of its invitees.

14.    The Defendant had notice and knowledge or might by the exercise of reasonable diligence have had notice and knowledge of the lack of adequate security and fencing and the existence of said unsafe condition prior to July 14, 2019 and in ample time to have provided adequate fencing and security but failed to do so in violation of its duty of reasonable care and caution keep the Plaintiff reasonably safe from harm.

15.    That at all times herein before mentioned the Plaintiff, Steven Adams, was in the exercise of reasonable care for his own safety.

16.    That by reason of the premises and as a direct and proximate result of the negligent and careless misconduct of the Defendant, the Plaintiff, Steven Adams, was then and there injured, disabled and suffered and will in the future suffer, pain and discomfort, physical impairment and will be kept from attending to ordinary and everyday affairs, jobs and duties and will lose sums on account thereof, and he has become liable and will in the future for sums of money for medical care and hospital care and attention in endeavoring to be cured of the injuries caused by said occurrence.

WHEREFORE, the Plaintiff, Steven Adams, demands judgment against the Defendant in an amount that is fair and reasonable in the premises.

Plaintiff further demands trial by jury.

## COUNT II – *RES IPSA*

NOW COMES the Plaintiff, Steven Adams, by Attorney Robert A. Montgomery, pursuant to Indiana Trial Rule 9.1 and complains of Defendants, as follows:

7-16. The Plaintiff repeats and realleges paragraphs 7 through 16 of Count I as paragraphs 7 through 16 of Count II as though fully set out herein.

17. The place and manner how the Plaintiff was injured was in the exclusive control of the Defendant.

18. An occurrence of having a deer on the race track does not usually occur in the absence of negligence.

19. The facts connected with the action are unknown to the Plaintiff and are within the knowledge of the Defendant.

WHEREFORE, the Plaintiff, Steven Adams, demands judgment against the Defendant in an amount that is fair and reasonable in the premises.

Plaintiff further demands trial by jury.

/s/ Robert A. Montgomery
Robert A. Montgomery

Robert A. Montgomery
Attorney at Law
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
T: (312) 236-7700; F: (312) 605-8808
E: rm@rmontlaw.com
Attorney Code: 1946129